IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stanford Thompson, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 13-cv-6946 |
| *-vs-* ) | |
| ) | *(Judge Pallmeyer)* |
| Correctional Officer Schak, Dr. ) | |
| Taylor, and Cook County, Illinois ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO MOTION TO DISMISS**

Now before the Court is a Rule 12(b)(6) motion filed by all defendants. The Court should deny this motion for the reasons set out below.

## I. FACTS[1]

Plaintiff Stanford Thompson entered the Cook County Jail as a pretrial detainee on July 22, 2013 and was assigned to "Division 1." Amended Complaint, ECF No. 43, ¶ 9. Plaintiff sustained a painful dental injury in early August, 2013. *Id.* ¶ 10. Plaintiff immediately complained about his injury to defendant Schak, a correctional officer. *Id.*

---

[1] Plaintiff supplements the allegations in his amended complaint as permitted by *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010).

Schak could have escorted plaintiff to the emergency room at the Jail, where plaintiff's injury would have been assessed by a physician. Instead of responding to plaintiff's complaint of serious dental pain, Schak told plaintiff to return to his cell and submit a "Health Service Request Form." Amended Complaint, ECF No. 43, ¶ 11.

In August of 2013, detainees in Division 1 would place their health service request forms in a box where it would be picked up and reviewed several days later. Thus, by instructing plaintiff to submit the form rather than taking him to the emergency room, defendant Schak knew that he would cause plaintiff to experience treatable pain. Amended Complaint, ECF No. 43, ¶ 12.

Submitting health service request forms would often result in a referral to the circular filing cabinet. Plaintiff alleges that it was "common practice that defendant Cook County does not timely collect, process, and evaluate Health Service Request Forms submitted by detainees at the Jail complaining of a serious or potentially serious medical concern." Amended Complaint, ECF No. 43, ¶ 14.

Plaintiff made repeated complaints about dental pain, stating at one time that the pain extended over the entire left side of his mouth and made it hard for him to eat. *Id.* ¶ 13.

Plaintiff's complaints about dental pain finally reached the Division 1 Dentist, Dr. Brenda Taylor, on August 19, 2013. This delay was caused by a widespread practice at Cermak Health Services of failing to timely collect, process, and evaluate Health Service Request Forms. Defendant Cook County, who manages Cermak Health Services, turned a blind eye to this practice after it acquired actual knowledge about this practice in the course of proceedings in *United States v. Cook County*, 10-cv-2946.

Part of Dr. Taylor's job was to review Health Service Request Forms on a daily basis, and pick out for immediate treatment the detainees who were complaining about serious pain. Amended Complaint, ECF No. 43, ¶ 16. Taylor, who has a lucrative private practice outside of the Jail, refuses to review Health Service Request Forms. As a result of Taylor's indifference to detainee complaints, to which defendant Cook County turns a blind eye, plaintiff continued to experience serious dental pain and waited until September 5, 2013 before receiving any dental treatment. *Id.* ¶ 17. Taylor finally extracted plaintiff's problem tooth on September 10, 2013.

## II. The Motion to Dismiss

### A. *Smentek v. Sheriff,* 09-cv-259

*Smentek v. Sheriff,* 09-cv-529, is a class action pending before Judge Lefkow involving dental care at the Cook County Jail. Defendants

mistakenly claim that plaintiff "was previously a plaintiff in the *Smentek* lawsuit seeking relief for the same claims alleged here." (ECF #50 at 4.) This is incorrect. Judge Lefkow made plain in her order of December 22, 2014, that plaintiff "has opted out of the class and has an individual lawsuit pending." *Smentek v. Sheriff*, 09-cv-529, ECF #390 at 8 n.13, attached as Exhibit 1. Defendants in this case cite to footnote 13 in the *Smentek* order, and should know better than to assert that Thompson was a plaintiff in *Smentek*.

Equally unavailing is defendants' argument that the December 22, 2014 order in *Smentek* – an order which decertified the Rule 23(b)(2) class, denied plaintiff's request for injunctive relief for lack of standing, and which is currently on appeal *sub nom. Phillips v. Sheriff*, 7th Cir., No. 14-3753 – supports dismissal of this action. (ECF #50 at 4, 8-10.)

First, defendants rely on Judge Lefkow's finding in *Smentek* that "Stanford Thompson chipped his tooth at [Cook County Jail] and asked an officer to send him to the medical unit for care. The officer refused." (ECF #50 at 4.) This finding is consistent with plaintiff's allegation in this case about defendant Schak, set out above at 1-2. Consistency of allegations does not support dismissal of this action.

Second, defendants rely on Judge Lefkow's conclusion in *Smentek* that because defendants have increased dental staffing at the Jail, that case no longer presented a single common question, rather than several common questions, and therefore could not justify the case continuing to proceed as a class action under Rule 23(b)(2). *Smentek v. Sheriff*, 09-cv-529, ECF #390 at 16, Exhibit 1 at 16. Judge Lefkow did not, however, find that all detainees at the Jail were receiving constitutionally adequate dental care; on the contrary, the *Smentek* court found that dental problems were continuing at the jail (Exhibit 1 at 16):

> Although plaintiffs presented evidence that class members suffer unnecessary pain, witness testimony demonstrated that treatment of dental pain may fall below the deliberate indifference threshold for many reasons and at many stages in the treatment process. There is no longer one cause common to all plaintiffs. In some instances, officers did not call medical staff to provide immediate pain relief to a detainee. In other instances, detainees remained in unnecessary pain because nurses did not timely review their HSRs and did not call them down for a face-to-face examination or prescribe painkillers within the appropriate time period. When medication was prescribed, some detainees did not receive it. Sometimes detainees waited too long for an initial appointment with a dentist, at other times, detainees did not receive follow-up appointments when necessary. Some detainees experienced significant delays before seeing an oral surgeon who could ultimately resolve the cause of the pain. Failure to remediate dental pain at any of these points may constitute deliberate indifference depending on the facts of the individual case but, unlike the circumstances present at the time the classes were certified, there is no longer a single question the answer to which would resolve a significant issue in the case.

Judge Lefkow thus made plain that her finding that "there is no longer a single question" – a finding which plaintiffs in *Smentek* are challenging on appeal – did not foreclose individual claims that treatment of dental pain fell below "the deliberate indifference threshold." Defendants' argument to the contrary is simply wrong.

### B. Defendant Schak

Defendant Schak argues that his refusal to bring plaintiff to the Cermak emergency room, and instruction to plaintiff to submit a Health Service Request Form, cannot be deliberate indifference to a serious medical need because plaintiff fails to allege that Schak acted with "the requisite discriminatory intent." (ECF #50 at 7.) Defendant Schak relies on the law governing "an equal protection claim against a supervisor." *T.E. v. Grincle,* 599 F.3d 583, 588 (7th Cir. 2010). Plaintiff does not assert such a claim in this case.

Plaintiff's claim against defendant Schak is of "deliberate indifference to prolonged, unnecessary pain." *Smith v. Knox County Jail,* 666 F.3d 1037, 1039 (7th Cir. 2012). As the Seventh Circuit made plain in *Smith*, a case involving the Eighth Amendment standard:

> [D]eliberate indifference to prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim. This, too, is correct. See [*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)]. "[T]he length of delay that is tolerable depends on the

> seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted). Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference. *Compare Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (2009) (state employees could be liable for four-day delay in treating prisoner who complained that his IV was causing him serious pain); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (guards could be liable for delaying treatment of broken nose for a day and a half); *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007) (a plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate-indifference claim, reversing the district court's dismissal) *with Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (no valid claim for six-day delay in treating a mild cyst infection).

*Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Although plaintiff was a pretrial detainee whose claim is brought under the Due Process Clause of the Fourteenth Amendment, "[t]his provision applies essentially the same deliberate indifference analysis to detainees as the Eighth Amendment does to inmates." *Pittman ex rel. Hamilton v. Cnty. of Madison*, 746 F.3d 766, 775 (7th Cir. 2014).

Defendant Schak knew that plaintiff was suffering severe dental pain. As Judge Lefkow found in *Smentek*, "detainees with urgent dental complaints may be sent to the emergency room at Cermak" (Exhibit 1 at 3 n.5), which is open 24 hours a day. (Exhibit 1 at 2.) Plaintiff fairly alleges that he made an urgent dental complaint to defendant Schak, who refused to send plaintiff to the emergency room, and knew that by doing so, he was

relegating plaintiff to the black hole and delay of a health service request form. The Court should, therefore, deny defendant Schak's motion to dismiss.

### C. Defendant Taylor

Defendant Taylor argues that plaintiff has failed to allege anything more than "knowledge and acquiescence." (ECF #50 at 7.) This is incorrect.

As a dentist at the Cook County Jail, Taylor knew that detainees were required to fill out health service request forms to seek dental care; Taylor also knew that part of her job as a dentist at the Jail was to review and triage health service request forms. Amended Complaint, ECF No. 43, ¶ 16. As the dentist assigned to Division 1, she should have reviewed the forms submitted by plaintiff. Instead, Taylor refuses to undertake this essential task, and thereby ignores the written complaints of detainees who, like plaintiff, have mouth pain which extends over the entire left side of the his (or her) mouth. The easily foreseeable result is that detainees who are suffering dental pain that could be alleviated by prompt treatment will suffer prolonged and unnecessary pain.

Under the circumstances of this case, Taylor's refusal to review health service request forms is deliberate indifference. "[A] jury could infer that [Taylor] knowingly exposed [plaintiff] to a substantial danger to

his health for no good reason; that is a good definition of deliberate indifference." *Egebergh v. Nicholson*, 272 F.3d 925, 928 (7th Cir. 2001).

### D. Plaintiff's Policy Claim

Plaintiff challenges the County's widespread practice of failing to "timely collect, process, and evaluate Health Service Request Forms submitted by detainees at the Jail complaining of a serious or potentially serious medical concern." Amended Complaint, ECF No. 43, ¶ 14. Defendants assert that this policy claim is "not viable." (ECF #50 at 8.)

The Seventh Circuit considered this precise claim in *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293 (7th Cir. 2009), when it upheld a large jury verdict:

> There was evidence of a widespread practice of failing to review inmates' timely filed medical requests, such as testimony from the supervisor for Cermak's CMTs, Woodroe Winfrey, that medical request forms were not collected every day. The request forms were placed in a locked box, to which, at the time of Smith's death, many CMTs did not have keys. Further testimony suggested that many CMTs had not been told how to obtain keys to the lockboxes, that some CMTs were not turning in their daily encounter forms (which would disclose whether they collected medical request forms), and that Cermak did not have a reporting system for informing supervisors when CMTs failed to make their daily rounds. Jean Kiriazes, Cermak's director of continuous quality improvement and risk management, testified that she was aware the medical request forms were not collected each day, partly because guards were not available to allow the CMTs on the tier. A number of Cermak employees testified to, and other evidence corroborated, the practice of not retrieving

medical requests on a daily basis, including on April 29, 2004, the day before Smith died. We are not dealing with an isolated act of an individual employee, which would be insufficient to establish a widespread custom or practice. *Monell*, 436 U.S. at 691–94, 98 S.Ct. 2018. Instead, the jury heard a number of County employees, some of whom were policymakers, testify about a practice that went on for an extended period of time. The dangers of delayed responses to medical requests are readily apparent, and the former director of Cermak seemed to acknowledge as much in his testimony.

*Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303-04 (7th Cir. 2010)

Defendants curiously cite *Thomas*, ECF #50 at 9, but fail to acknowledge that *Thomas* requires rejection of their motion to dismiss the policy claims against defendant Cook County. The Court should reject this ostrich-like tactic and deny this portion of the motion to dismiss as well

### III. Conclusion

The Court should therefore deny defendants' motion to dismiss.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

Thomas G. Morrissey
Patrick W. Morrissey
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for the Plaintiff*